```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GENERAL ELECTRIC CAPITAL            :
CORPORATION,                        :
                                    :
                Plaintiff,          :
                                    :
        -against-                   :
                                    :       SUMMARY ORDER ADOPTING
BROOKLYN SAND & STONE, INC.,        :       REPORT AND RECOMMENDATION
MARK CAPACHANA, and SDC             :       13-CV-05148 (DLI)
ASSETS, INC.,                       :
                                    :
                Defendants.         :
-------------------------------------------------------X
```

**DORA L. IRIZARRY, Chief Judge:**

The magistrate judge issued a Supplemental Report and Recommendation in this matter on December 9, 2015 and objections were due on December 23, 2015 (although the ECF entry incorrectly states they were due on December 28, 2015). Dkt. Entry No. 24. The magistrate judge recommended an award of monetary damages only. No objections were filed. Instead, on December 29, 2015, plaintiff filed what was improperly styled as a "motion for judgment on the pleadings," but in reality was a proposed judgment order. Dkt. Entry No. 26. Plaintiff filed a second similar "motion" on May 20, 2016. Dkt. Entry No. 28.

To compound the error, plaintiff improperly included, as part of the proposed order, equitable relief that was not recommended by the magistrate judge. Specifically, it required the "immediate and permanent title and possession" of the following equipment: (1) a 2005 Peterbilt Tractor Model 379, VIN 1XP5DB0X35N842648; (2) a 2005 East Trailer 34' – 26' Frame Type, VIN 1E1D1N3845RJ35610; and (3) a Benson Trailer 34' – 26' Frame Type, VIN 5DMDSACC95M000887, items plaintiff claimed to have sold previously. In support of plaintiff's damages calculation before the magistrate judge, an individual named Timothy Hill submitted an affidavit in which he averred that these three pieces of equipment were sold on or

about June 14, 2014.  *See* Affidavit of Timothy Hill dated September 14, 2014, Dkt. Entry No. 23-1, at ¶ 1.  In short, plaintiff represented to the magistrate judge that this equipment was sold, but now represents to this Court that it was not sold and needs to be recovered.  As such, through its proposed order, plaintiff is attempting to obtain damages through the back door that were never the subject of the damages assessment thoroughly, thoughtfully, and soundly made by the magistrate judge.  Accordingly, the "motions for judgment on the pleadings" (Dkt. Entry Nos. 26 and 28) are STRIKEN.  Furthermore, as no objections were filed to the Report and Recommendation issued on December 9, 2015, and upon due consideration, it is hereby adopted in its entirety.  Plaintiff is entitled to recover a total judgement of $259,478.52, which amount represents unpaid interest, principal, and late fees in the amount of $241,999.32; prejudgment interest at the rate of $66.25 per day from December 1, 2015 through June 3, 2016 in the amount of $12,332.50; attorney's fees in the amount of $4,000.00; and costs in the amount of $1,156.70.

SO ORDERED.

Dated: Brooklyn, New York
       June 3, 2016

/s/
DORA L. IRIZARRY
Chief Judge